UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CARLOS ALFREDO,

                           Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and JOHN DOES 1-50,

                           Defendant(s).

-------------------------------------------------------------------X

**Case No.: 1:22-cv-3087**

Complaint and Jury Demand

Venue is based on the location
of the acts giving rise to this action.

Carlos Alfredo ("Plaintiff") by his attorney, the Law Office of J Bacher, PLLC, alleges as follows:

### NATURE OF ACTION

1. This civil rights action arises out of an unreasonable and wrongful arrest and subsequent wrongful prosecution of Plaintiff, Carlos Alfredo, which occurred on May 23, 2021, at and within the Mosholu Park located at 353 East Mosholu Parkway North, in the City and State of New York, County of Bronx.

2. The unlawful and unreasonable conduct of defendants, The City of New York, New York City Police Department ("NYPD") and JOHN DOES 1-50, violated New York State Law and Federal Law and entitles plaintiff, Carlos Alfredo, to compensatory and punitive damages under 42 U.S.C.A. § 1983, as well as attorney fees, costs and disbursements as stated below.

### JURISDICTION AND VENUE

3. This Complaint seeks damages pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 for violation of plaintiff's civil rights and for related claims.

1

4.  Jurisdiction is founded on 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367.

5.  The acts or omissions giving rise to plaintiff's claims arose in the City and State of New York, County of Bronx. Thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in Southern District of New York.

## PARTIES

6.  During all times mentioned in this Complaint, Plaintiff, Carlos Alfredo, was, and is, a resident of the City of Jersey City, County of Hudson County, in the State of New Jersey.

7.  During all times mentioned, Defendant, City of New York, is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

8.  At all times hereinafter mentioned, defendant, City of New York, maintained a police department. That defendant, NYPD, is and was the police department maintained by defendant, City of New York.

9.  Upon information and belief, defendant, NYPD, is an agency of the City of New York, and created and organized by virtue of the laws of the State of New York.

10. The true names and identities of Defendants, John Does 1-50, are presently unknown to plaintiff. Plaintiff uses the fictitious name DOE to designate these defendants.

11. Upon information and belief, defendants, DOE, are employees of the NYPD and City of New York who work in the City and State of New York, County of Bronx.

12. Upon information and belief, plaintiff alleges that the DOE defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights,

or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

### AS AND FOR A FIRST CAUSE OF ACTION

13. On or about the 23rd day of August, 2021, and within ninety (90) days after the claim herein arose, the plaintiff served a Notice of Claim in writing sworn to on their behalf upon defendant, City of New York, by delivering a copy thereof to the officer designated to receive such process personally, which Notice of Claim advised the defendant, City of New York, of the nature, time, place and manner in which the claim arose, the items of damages and injuries sustained so far as was then determinable.

14. At least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

15. All conditions and requirements precedent to the commencement of this action have been complied with.

16. The oral examination of the plaintiff has been conducted in compliance with Section 50-H of the New York General Municipal law.

17. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss.

18. Police Officers John and Jane Doe 1-50 refer to police officers and other governmental officials who participated in the relevant facts, but whose identities are unknown.

19. Upon information and belief, and at all times hereinafter mentioned, defendant, John and Jane Does 1-50, were and are officers of the defendants, City of New York and NYPD, and at all times herein was acting in such capacity as the agent, servant and employees of the defendants, City of New York and NYPD.

20. On May 23, 2021, plaintiff, Carlos Alfredo, was lawfully at and within the Mosholu Park, or near the address known as 353 East Mosholu Parkway North, in the City and State of New York, County of Bronx, when members of the NYPD responded to that location.

21. That on the above-mentioned date, members of the NYPD wrongfully committed on the plaintiff an assault and battery and wrongfully seized plaintiff as he was exercising his constitutionally protected rights, including freedom of speech and freedom of assembly.

22. That on the above-mentioned date, members of the NYPD utilized unreasonable and excessive force in seizing and arresting the plaintiff without justification or reason to do so.

23. As a result, defendants wrongfully committed an assault and battery upon plaintiff and seized him in an excessive manner about his person, causing him physical pain and mental suffering.

24. That defendants' conduct was unreasonable pursuant to the laws of the State of New York and the US Constitution in that said conduct was willful, wanton, intentional and reckless.

25. That at no time did the defendants have legal cause to grab, seize, commit an assault and battery on the person of the plaintiff, or touch the plaintiff.

26. That at no time did plaintiff consent to such illegal touching and at no time was such illegal touching privileged by law.

**AS AND FOR A SECOND CAUSE OF ACTION**

27. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

28. On or about May 23, 2021, at and within the Mosholu Park, or near the address known as 353 East Mosholu Parkway North, in the City and State of New York, County of Bronx, the defendants jointly and severally, did place plaintiff in imminent fear of physical contact by approaching the plaintiff in a menacing manner.

29. That all of the above actions placed plaintiff in imminent fear of physical contact and at no time did plaintiff consent to the unlawful actions of the defendants.

**AS AND FOR A THIRD CAUSE OF ACTION**

30. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

31. On or about May 23, 2021, at and within the Mosholu Park, or near the address known as 353 East Mosholu Parkway North, in the City and State of New York, County of Bronx, the defendants jointly and severally, without any warrant, order, or other legal process and without any legal right, wrongfully, unreasonably, unlawfully and without justification and without any legal right, wrongfully and unlawfully arrested, seized and detained the plaintiff, retraining him and his liberty, and then took him into custody.

32. Plaintiff, Carlos Alfredo, was falsely imprisoned at both the scene of the occurrence and continuing thereafter at Criminal Court. That said imprisonment lasted for an unreasonable amount of time.

33. As a result of the aforementioned, plaintiff, Carlos Alfredo, sustained severe and serious personal injuries and other consequential damages.

34. That at the above-mentioned place and time, defendants intentionally confined plaintiff without his consent, that the confinement was not otherwise privileged by law, and at all times the plaintiff was conscious of his confinement.

35. As a result of the foregoing, plaintiff, Carlos Alfredo, has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## AS AND FOR A FOURTH CAUSE OF ACTION

36. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

37. Defendants, by and through their agents and employees at NYPD ("Police Officers") were at all times relevant, duly appointed, and acting officers of the City of New York and NYPD.

38. At all relevant times, said police officers were acting under color of law and pursuant to the statutes, ordinances, regulations, policies, customs and usage of the State of New York and the City of New York.

39. That the previously described conduct of the defendants resulted in the plaintiff being deprived of the following rights under the State of New York Constitution and the United States Constitution:

      a. Freedom from assault and battery to his person;

      b. Freedom to peaceably assemble;

      c. Freedom from excessive force;

      d. Freedom from illegal search and seizure;

      e. Freedom from false arrest; and

      f.      Equal protection under the law.

40. That the defendants subjected the plaintiff to such depravations, either in a malicious or reckless disregard of the plaintiff's rights or with deliberate indifference to those rights guaranteed under the 4th and 14th Amendments of the United States Constitution.

41. The direct and proximate result of the defendants' acts are that the plaintiff has suffered, and continues to suffer, severe and permanent injuries of a physical and psychological nature, which included forced custody and captivation and the resultant pain and suffering, all to his detriment.

## AS AND FOR A FIFTH CAUSE OF ACTION

42. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

43. That the defendant, City of New York, has grossly failed to train and adequately supervise its police officers in the fundamental law of arrest, assault and battery, search and seizure, use of unreasonable and excessive force, especially when its officers are not in possession of a court authorized arrest warrant and where an individual, especially as here, has not committed a crime and has not resisted arrest, that its police officer should only use reasonable force to effectuate an arrest and the arrest should be based on probable cause.

44. That the defendant, City of New York, was negligent by failing to implement a policy with NYPD, its Police Department, to instruct police officers who, absent consent of plaintiff (or similarly situated individuals) or without the possession of a court authorized arrest or search warrant, said Police Officers are not to arrest individuals such as the plaintiff, Carlos Alfredo, were probable cause is lacking and the use of force should only be reasonable when an individual resists arrest and should not be used where a suspect is not resisting arrest.

45.     That the defendant, City of New York, is negligent due to its failure to implement a policy with its Police Department to actively enforce the law, if any, dealing with the claims and circumstances stated herein, including that probable cause is required and must be present before an individual can be detained or arrested; that force cannot be used against an individual who does not physically resist arrest; and a person may not be assaulted and battered or touched in anyway when legally exercising their rights, as the plaintiff, Carlos Alfredo, was doing here.

46.     That the foregoing acts, omissions and systematic failures are customs and policies of the defendant, City of New York, which caused the NYPD and its Police Officers to falsely arrest, commit an assault and battery upon the person of the plaintiff, maliciously prosecute the plaintiff, wrongfully detain the plaintiff, and to illegally seize and search the plaintiff, without any legal justification.

## AS AND FOR A SIXTH CAUSE OF ACTION

47.     Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

48.     Defendant, City of New York, was negligent in that prior to and at the time of the acts complained of herein, due to the prior history of the Police Officer defendants, who are identified as John Doe 1–50, knew or should have known the bad disposition of said defendant officers and that defendants had knowledge of facts that would put a reasonably prudent employer on inquiry concerning said Police Officer defendants bad disposition and the fact that these officers were not suitable to be hired and employed by the City of New York and that due to their lack of training, these officers should have had adequate supervision so that they would not arrest innocent individuals nor use unreasonable and excessive force during the arrest process.

## AS AND FOR A SEVENTH CAUSE OF ACTION

49. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

50. That defendants maliciously prosecuted criminal charges against plaintiff, Carlos Alfredo.

51. As a result of the foregoing, plaintiff, Carlos Alfredo, sustained severe and serious personal injuries and other consequential damages.

52. As a result of the foregoing, plaintiff, Carlos Alfredo, has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

53. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

54. The aforementioned occurrence constituted an invasion of the privacy of plaintiff, Carlos Alfredo.

55. That the aforementioned occurrence constituted a violation of plaintiff's rights applicable pursuant to the 1st Amendment, which includes the right to freely assemble.

56. As a result of the foregoing, plaintiff, Carlos Alfredo, sustained severe and serious personal injuries and other consequential damages.

57. As a result of the foregoing, plaintiff, Carlos Alfredo, has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## AS AND FOR A NINTH CAUSE OF ACTION

58. Plaintiff repeats and alleges each and every allegation in this Complaint as though fully set forth at length herein.

59. As a result of the aforementioned occurrence, plaintiff, Carlos Alfredo, was deprived of his Civil Rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State and Federal ordinances, statutes, codes and rules, including 42 U.S.C.A. §§ 1981, 1983, 1985 and 28 U.S.C.A. § 1343.

60. As a result of the foregoing, plaintiff, Carlos Alfredo, sustained severe and serious personal injuries and other consequential damages.

61. As a result of the foregoing, plaintiff, Carlos Alfredo, has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

WHEREFORE, plaintiff demands judgment against the defendants, together with the costs and disbursements of this action, together with attorney's fees and costs of bringing this case and punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all triable issues.

Dated: White Plains, New York
April 14, 2022

>                    Yours, etc.,
>                    LAW OFFICE OF J BACHER, PLLC
>                    Attorney for Plaintiff,
>                    CARLOS ALFREDO
>            By:    _____
>                    James W. Bacher (JB9022)
>                    7-11 South Broadway, Suite 208
>                    White Plains, NY 10601
>                    (212) 634-7852 (Office&Fax)
>                    james@jblawnyc.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK            Case No.: 1:22-cv-3087

CARLOS ALFREDO,

*Plaintiff(s),*

-*against*-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and JOHN DOES 1-50,

*Defendant(s).*

## SUMMONS AND COMPLAINT



**Attorneys for Plaintiff(s)**
**Office & P.O. Address**
**7-11 South Broadway**
**White Plains, NY 10601**
**(212) 634-7852 (Tel&Fax)**